U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 1 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **CARMEN GRICCO** | **DOCKET NO. 06-CV-1988** |
| **VERSUS** | **JUDGE DRELL** |
| **JOHN R. PADOVA, ET AL** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the pro se complaint of Carmen Gricco filed on October 27, 2006. Gricco is currently incarcerated at the United States Penitentiary in Pollock, Louisiana. Gricco has raised claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).[1] He names as defendants Frederick Menifee, Warden of the United States Penitentiary in Pollock, Louisiana (USP-P), Brian Aston, Gricco's "case manager" at USP-P, and United States District in the Eastern District of Pennsylvania, Judge John R. Padova. The case has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### PROCEDURAL HISTORY AND STATEMENT OF CASE

Following a 2002 conviction and entry of judgment of sentence in the Eastern District of Pennsylvania, Gricco filed a notice of appeal, and sought the appointment of counsel to handle his appeal (3rd Cir. Docket No. 02-4448). Gricco filed a second appeal in the Third Circuit on April 11, 2003, and later sought appointment of counsel for that appeal. (3rd Cir. Docket No. 03-2010) Thereafter, Gricco filed numerous motions, letters, and requests with the court in both cases.

Because of uncertainty about his financial status and the disposition of certain assets, and

---

[1] Plaintiff specifically pointed out that, while the official complaint form is for a suit under 42 U.S.C. §1983, his claim is specifically based on the FTCA. [Doc. #1-1, p.16]

because of Gricco's failure to provide sufficient financial information to the appellate court, the Third Circuit denied Gricco's motion for appointment of counsel without prejudice to renew. On March 3, 2004, the Third Circuit Court informed Gricco that **he must demonstrate the requisite financial eligibility for appointment of counsel**; in the alternative, the court directed Gricco to have an attorney enter an appearance on his behalf or file a waiver of counsel, but all within twenty-one (21) days.[2]

The Third Circuit gave Gricco much more than 21 days; by January 20, 2005, Gricco had still failed to provide the financial information specified in the March 3, 2004 Order, had failed to hire an attorney, and had failed to file a waiver of counsel. The Third Circuit then gave Gricco fourteen (14) additional days to state whether he intended to represent himself on appeal or have an appearance entered by counsel who he has retained. Once again, Gricco failed to respond as requested and instead: (1) asked for review of the Third Circuit's January 20, 2005 Order and (2) petitioned the Supreme Court of the United States for a writ of certiorari. On February 22, 2005, certiorari was denied. Gricco v. U.S., 543 U.S. 1175 (U.S. 2005). The Third Circuit denied Gricco's motion to review on February 24, 2005, and procedurally terminated Gricco's appeals pursuant to LAR Misc. 107.2 on February 28, 2005.

Gricco petitioned the Supreme Court for rehearing, but on May 2, 2005, rehearing was denied. Gricco v. U.S., 544 U.S. 1027 (U.S. 2005). On September 22, 2005, Gricco filed a "Motion to Recall the Mandate." The Third Circuit treated this motion as a motion to reopen the appeal and

---

[2]The Order stated, in part, "Appellant has failed to acknowledge and account for certain assets, including a commercial property valued at $650,000 and salvage value of the boat/restaurant, and recent home, including proceeds from the sale of two properties and rental income in the amount of $5800 per month."

for appointment of new counsel and denied the motion by Order of November 3, 2005.

On October 20, 2005, Gricco filed with the Eastern District of Pennsylvania a document captioned: "Status Of 'Motion to Recall the Mandate'," an apparent reference to Gricco's motion pending before the Third Circuit. The content of that document was mostly incoherent. However, Gricco explicitly stated that the document was <u>not</u> a 28 U.S.C. § 2255 motion. Therefore, the court dismissed the motion without prejudice, advising Gricco that if he wished to challenge his conviction or sentence, he may file a motion pursuant to § 2255 within the one-year statutory period. <u>U.S. v. Gricco</u>, 01-cr-00090 (EDPA Doc. #195). Gricco did not take the judge's advice and file a 2255 case.

Rather, on October 27, 2006, Gricco filed the instant case in this Court. In his complaint, Gricco specifically states that his claim is **not** a civil rights claim under §1983, but is specifically brought under the Federal Tort Claims Act. In his FTCA complaint, Gricco claims that he should be released from incarceration and awarded monetary compensation as set forth on his Standard Form 95 claim for damages. [Doc. #1-4, p.20] On his FTCA claim form, Gricco claims that he is being falsely imprisoned. He claims that "the statute of limitations has expired for providing legal counsel for his direct appeal," which "voids" all indictments, judgments, and sentencing. He seeks compensation of $171,760,000.00. Basically, Plaintiff claims that his continued detention is invalid because the district judge in Pennsylvania denied him counsel for his direct appeal.

In Gricco's Eastern District of Pennsylvania suit, he specified that he was not seeking relief under § 2255; in his Western District of Louisiana suit, Gricco specifically states that he is suing under the Federal Tort Claims Act, and not §1983.[3]   Regardless, his complaint will be analyzed

---

[3] The federal analogue of §1983 is <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

3

under all three theories of recovery: FTCA, Civil Rights, and Habeas Corpus.

## LAW AND ANALYSIS

### 1.   FEDERAL TORT CLAIMS ACT

Plaintiff has filed suit under the Federal Tort Claims Act against Warden Frederick Menifee, Brian Aston (Gricco's "case manager" at USP-P), and United States District Judge John R. Padova. The FTCA provides that district courts have jurisdiction in actions against the United States for claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

First, Gricco did not seek to hold the United States liable. Rather, he sued the warden and another employee of USP-P and the district judge in Pennsylvania. The only proper defendant for an FTCA action is the United States of America. See 28 U.S.C. § 1346(b); Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir. 1991) (stating all FTCA actions must be brought against the United States).

Second, the FTCA contains an exhaustion provision whereby, before filing suit, the claim must properly be submitted to the appropriate federal agency and finally denied. 28 U.S.C. § 2675(a). The exhaustion requirement of the FTCA is jurisdictional. Plaintiff submitted his SF-95 claim form to the U.S. Department of Justice ("DOJ") on December 30, 2005. On May 4, 2006, an attorney with the DOJ's FTCA Staff sent a letter informing Gricco that his claim was being forwarded to the Administrative Office of the U.S. Courts and the Federal Bureau of Prisons, which

4

were the proper agencies to handle Plaintiff's claim. However, on May 25, 2006, the Bureau of Prisons sent Gricco a letter returning to him his SF-95 claim because it did not contain an original signature; the form had only a photocopy of Plaintiff's signature. [Doc. #1-6, p.25] Rather than sending the form back with an original signature, on August 15, 2006, Plaintiff sent a letter to the FTCA staff attorney claiming that he had not received a reply regarding his claim and, therefore, he should immediately be released from prison and paid the amounts he believed he was owed. Plaintiff has not established that his claim was properly submitted and ultimately denied, as required to establish jurisdiction over the United States in an FTCA claim in federal court.

Third, Plaintiff provided the Court with his SF-95 form dated December 30, 2005. The document sets forth December 18, 2000 as the "date and day of accident." The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 USCS § 2401(b). Gricco's SF-95 form is dated approximately five years after the alleged date of loss. He has not shown that he received a "final denial" or that he filed suit within six months of the date of the mailing of the "final denial." Therefore, Gricco cannot state a claim for which relief can be granted under the FTCA.

## 2.   CIVIL RIGHTS CLAIM

Plaintiff explicitly states that his lawsuit arises under the FTCA and is not a §1983 claim. Even if Plaintiff's claim was construed as a civil rights claim[4], the doctrine of Heck v. Humphrey,

---

[4]Because the named defendants are federal defendants, the 1983 claim would be construed as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of

5

512 U.S. 477 (1994) bars such claim. Specifically, in <u>Heck</u> the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction **or the ensuing imprisonment of the defendant** does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[5] <u>Heck</u>, 512 U.S. at 486-87. <u>Heck</u> also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir.1996).

Plaintiff herein claims that his imprisonment is unlawful. However, Gricco has not alleged or shown that his conviction and confinement have been reversed, expunged, or otherwise invalidated. Hence, no <u>Bivens</u> cause of action has yet accrued and such a claim would be dismissed with prejudice until the <u>Heck</u> conditions were met. See <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir.1996) (stating dismissal should be with prejudice until <u>Heck</u> conditions are met).

3.   <u>HABEAS CORPUS</u>

To the extent that Plaintiff is seeking release from prison and challenging the legality of his conviction or sentence, the writ of habeas corpus is the appropriate federal remedy[6] See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990). A 28 U.S.C. § 2255 case must be filed

---

Narcotics, 403 U.S. 388 (1971).

[5]<u>Heck</u> applies to Bivens claims as well as §1983 claims. <u>Stephenson v. Reno</u>, 28 F.3d 26, 27 (5th Cir. 1994).

[6] The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. <u>Spina v. Aaron</u>, 821 F.2d 1126, 1128 (5th Cir. 1987).

in the jurisdiction where the inmate was convicted, which, in this case, is not the Western District of Louisiana.

Section 2241 is generally used to challenge the manner in which a sentence is executed. <u>See</u> <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000).  Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial or appeal. Petitioner never filed a 2255 claim, despite the advice of the district judge in Pennsylvania. In that court's order denying Gricco's "Status of Motion to Recall the Mandate" (EDPA 01-cr-00090, Doc. #193), which Gricco explicitly stated was not to be construed as a 2255 motion, the court wrote, "If Mr. Gricco wishes to challenge his conviction or incarceration with this Court, he

7

is advised that he may file a motion pursuant to 28 U.S.C. § 2255 within the one-year statutory period." Gricco never heeded the advice of the judge.

For the forgoing reasons, IT IS RECOMMENDED that Gricco's complaint be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8